S. C. VAUGHN and Virgie Vaughn, Plaintiffs,

v.

Melvin HARDEMON and Mississippi Limestone Corporation, Defendants.

No. DC 79–75–OS–O.

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 16, 1980.

Walter Buford, Memphis, Tenn., for plaintiffs.

James E. Upshaw, Upshaw & Ladner, Greenwood, Miss., Jack N. Tucker, Tucker & Tucker, Tunica, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

On May 25, 1978, plaintiff S. C. Vaughn (hereinafter referred to as "Vaughn") was involved in a traffic accident on U.S. Highway 61, approximately 16 miles south of Tunica, Mississippi. Vaughn was driving his tractor-trailer unit on the occasion in a southerly direction along said highway when it collided with a tractor-trailer gravel truck owned by defendant Mississippi Limestone Corporation (hereinafter referred to as "Mississippi Limestone") and being driven by its agent and servant, defendant Melvin Hardemon (hereinafter referred to as "Hardemon").

Vaughn suffered serious, permanent and painful injuries, including the loss of both legs, as the direct and proximate result of the collision of the two vehicles.

Vaughn brought the action sub judice to recover damages occasioned by the injuries suffered by him as aforesaid and for the loss or damage to his tractor-trailer unit, which was demolished in the collision. He sought an award of damages in the sum of $800,000.00.

Vaughn's wife, Sara Vaughn (hereinafter referred to as "Mrs. Vaughn"), joined as a plaintiff in the action to recover for the loss of consortium, resulting from the injuries to her husband. The amount requested was $200,000.00.

At a trial held at the United States Courthouse in Clarksdale, Mississippi, on October 15, 1980, the jury awarded damages against both defendants, in the amounts as follows:

1. To Vaughn, for:

| | | |
|---|---|---|
| A. | Disability including loss of earning capacity, the sum of | $279,000.00 |
| B. | Pain and suffering already endured or likely to be endured in the future, the sum of | 100,000.00 |
| C. | Medical and hospital bills the sum of | 23,147.00 |
| D. | Damages to the tractor-trailer unit, the sum of | 7,500.00 |
| | TOTAL AWARD | $409,647.00 |

| | | |
|---|---|---|
| 2. | To Mrs. Vaughn, for the loss or impairment of consortium rights with her husband, the sum of | $100,000.00 |

The final judgment in accordance with the verdict of the jury was entered on October 17, 1980.

Defendants have filed a motion to set aside the verdict of the jury and render judgment in their favor, or, in the alternative, to grant a new trial. The motion includes, as an alternative, a request for the court to enter a remittitur.

## MOTION FOR JUDGMENT N.O.V. OR NEW TRIAL

The court's consideration of defendants' motion for judgment notwithstanding the

verdict of the jury, or, alternatively, a new trial, is governed by the rule established by the Fifth Circuit in *Boeing Company v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969). There, the court said:

On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

■ The question for the court's determination, therefore, in regard to the motion insofar as it seeks a judgment n. o. v., or, alternatively, a new trial, is whether reasonable and fair-minded persons, in the exercise of impartial judgment, might reach different conclusions.

■ The court finds that reasonable and fair-minded persons could reach different conclusions on the evidence presented to the jury. Upon this finding, the court concludes that the motion for judgment n. o. v., or, alternatively, a new trial, is not well taken and should be denied and overruled.

In support of the motion for a new trial, defendants also argue that plaintiff's attorney made a highly prejudicial argument to the jury in that he questioned the accuracy of photographs introduced at trial by defendants. An objection to the argument was overruled by the court.

■ The court was of the opinion, in ruling on the objection during the trial, that the argument was proper, when considered in light of the entire proceedings before the jury. The court adheres to that view.

Defendants also argue, as a basis for a new trial, that no provision was made for the jury to reduce the award to a figure based on present day value. Vaughn was 61 years of age at the time of the accident. The evidence reflected annual earnings of approximately $27,900.00. Vaughn's injuries rendered him totally disabled. The jury's award for disability and loss of earnings was $279,000.00, or ten times the annual earnings of Vaughn.

■ The jury was not instructed to discount the award to present value. Neither party introduced evidence of a proper discount rate to be used by the jury. The jury was not furnished any evidence to guide their deliberation on the subject. Neither party furnished the court with an instruction on the issue, nor did either party request the court to give such an instruction. This issue is presented here for the first time. Under such circumstances, defendants do not have standing to complain. *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 739–40 (5th Cir. 1978).

## THE MOTION FOR REMITTITUR

The court's consideration of defendants' motion for entry of a remittitur is governed by the rule established by the Fifth Circuit in *Bonura v. Sea Land Service, Inc.*, 505 F.2d 665 (5th Cir. 1974), where the court said:

A district judge's discretion as to remittitur is circumscribed by the Seventh Amendment: He must not substitute his

judgment of damages for that of the jury. We have, therefore, held that the trial court may not require remission of a sum which would reduce the verdict below the *maximum* award which is reasonably supported by the evidence. (Citations omitted).

Id. at 669.

The Fifth Circuit, commenting on the standard governing the decision of a district judge when considering a motion for a remittitur has said:

In the granting of a remittitur, "[A]n appellate court will find an abuse of discretion only when it appears that the jury's original verdict was clearly within the universe of possible awards which are supported by the evidence". *Bonura v. Sea Land Service, Inc.*, 5 Cir., 1974, 505 F.2d 665. The award here is clearly within the universe of possible awards which are supported by the evidence. Consequently, the trial court should not have ordered a remittitur for excessiveness of the award.

*Miles v. Vicksburg Chemical Company*, 588 F.2d 512, 517 (5th Cir. 1979).

 In considering the request for the entry of a remittitur, therefore, the question for the court's determination is whether the verdict is excessive when considered in light of the rule enunciated in *Bonura, supra*. Are the jury awards in excess of the *maximum* awards reasonably supported by the evidence? The court cannot substitute its judgment for that of the jury. Before directing the entry of a remittitur, the court must find that the jury awards are in excess of amounts which are reasonably supported by the evidence. The court is unable to make this finding upon a review of all the evidence.

Vaughn was awarded $279,000.00 to compensate him for his physical disability or impairment and loss of earning capacity. The evidence reflects that Vaughn's legs were so crushed and mangled that amputations between the knee and thigh were necessary. The loss of both lower extremities constitutes a severe handicap. At the time of the injury, Vaughn was 61 years of age and had a life expectancy of 16.2 years. His annual earnings approximated $27,900.00. Vaughn was in good health and physical condition. While the award is probably more than the court would have awarded as the trier of the facts, the court finds that an award of $279,000.00 is reasonably supported by the evidence, and that reasonable and fair-minded jurors could reach a verdict for that amount.

Vaughn suffered sever and excruciating pain for a long period of time at the scene of the accident before he was removed to a hospital for treatment, and thereafter, during the period in which he received medical and surgical treatment. Vaughn has continued to suffer physical pain as the result of the amputation of his legs, and will suffer such pain in the future. The court finds that an award of $100,000.00 is reasonably supported by the evidence. The court does not feel justified in reducing the award.

The jury awarded Vaughn $7,500.00 for the loss of his tractor. The only evidence in the record comes from Vaughn. He testified that he purchased the tractor for $12,500.00. He estimated the before-value at $8,500.00, and the after-value at $1,250.00. The difference, according to this evidence is $7,250.00. The jury awarded $7,500.00. The $250.00 variation is slight, and can be justified by the fact that Vaughn's values were estimates. The court does not feel that the verdict should be reduced by such a small and negligible amount.

Mrs. Vaughn's award for loss or impairment of the right to consortium with her husband during the remainder of his life expectancy was $100,000.00. The court finds, in applying the *Bonura* rule, that the award is reasonably supported by the evidence in the case. The award is not excessive.

## CONCLUSION

The court finds that the verdict of the jury is supported by the evidence in the case. The motion will be denied. The appropriate order will be entered by the court.